IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 18-70168 JAD |
| CJA Energy Consulting, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Docket No. |
| | ) | |
| | ) | |
| CJA Energy Consulting, LLC, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| XP Transport, LLC, | ) | |
| | ) | |
| Respondent | ) | |

## AMENDED MOTION TO SELL MOTOR VEHICLE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

AND NOW, comes the Debtor, CJA Energy Consulting, LLC, by and through attorney, Christopher M. Frye, and Steidl and Steinberg, Attorneys at Law, and respectfully represents as follows:

1. This is an action arising under or related to a case under Title 11, U.S.C.

2. Jurisdiction of the Court is based on 28 U.S.C. Section 171(a), (b) and (c). Venue is based on 28 U.S.C. Section 1473(a).

3. CJA Energy Consulting, LLC is the Debtor in the above-captioned proceeding and is the Movant in this Motion.

4. Among the Debtor's assets is a 1998 Kenworth W-900 truck.

5. The Debtor has agreed to sell and XP Transport, LLC ("Buyer") has agreed to purchase the vehicle free and clear of liens and encumbrances.

6. The purchase price for the 1998 Kenworth W-900 truck is $31,000.00.

7. Attached and labeled Exhibit "A", please find a Motor Vehicle Bill of Sale signed by both the Debtor and the buyer and is subject to Bankruptcy Court approval.

8. The sale is an arms-length transaction in as much as the Debtor has no prior relationship with the Buyer.

9. Based on comparable sales and the Debtor's knowledge of the industry, the Debtor believes that this is a fair price for the vehicle being sold.

10. The sale will be advertised as required under the Bankruptcy Code and Local Rules.

11. The Debtor believes that the offered purchase price is fair and reasonable but will welcome higher and better offers at the time of sale.

12. This Motion amends the Motion to Sell Vehicle Free and Clear of Liens and Encumbrances filed on August 1, 2018 wherein it requested a Court Order allowing the sale of the same 1998 Kenworth W-900 truck.

13. In the initial Motion to Sell Vehicle Free and Clear of Liens and Encumbrances filed on August 1, 2018, the title to the vehicle was encumbered by a lien held by Direct Capital, a Division of CIT Bank, N.A. ("Direct Capital").

14. Since the filing of the initial Motion to Sell Vehicle Free and Clear of Liens and Encumbrances filed on August 1, 2018, sent the Debtor a "Letter of No Interest and Release of Lien" which releases its lien along with any and all interest as of the date of the letter which was August 21, 2018. Attached and labeled Exhibit "B", please find a copy of the "Letter of No Interest and Release of Lien".

15. Included with the "Letter of No Interest and Release of Lien" was the title to the vehicle, which is indicated thereon that the first lien has been released by Direct Capital. Attached and labeled Exhibit "C", please find a copy of the Certificate of Title for Vehicle for the 1998 Kenworth W-900 truck.

16. As Direct Capital has released its lien, there are no known liens against the title to the vehicle.

17. Said sale is a benefit to the estate insomuch as the Debtor requests that the proceeds of the sale be held by counsel for the Debtor to be used for Chapter 11 Plan funding, administrative expenses, or other expenses as necessary.

WHEREFORE, the Debtor requests an Order of Court authorizing the sale of the 1998 Kenworth W-900 truck.

Respectfully submitted,

August 22, 2018
DATE

/s/ Christopher M. Frye
Christopher M. Frye, Esquire
Attorney for the Debtor(s)
STEIDL & STEINBERG
Suite 2830 – Gulf Tower
707 Grant Street

Pittsburgh, PA  15219
(412) 391-8000
chris.frye@steidl-steinberg.com
PA I. D. No.  208402